**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 17, 2020

Stephen E. Jenkins, Esquire
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

Kevin R. Shannon, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, DE 19801

William B. Chandler, III, Esquire
Wilson Sonsini Goodrich & Rosati
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

David E. Ross, Esquire
Ross Aronstam & Moritz LLP
100 South West Street, Suite 400
Wilmington, DE 19801

Rudolf Koch, Esquire
Richards Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

> RE: ***Vrajeshkumar Patel v. Timothy S. Duncan, et al.,***
> Civil Action No. 2020-0418-MTZ

Dear Counsel:

I have reviewed the complaint and briefs on the pending motions to dismiss (the "Motions") in the above-captioned matter.[1] I conclude that complete relief cannot be afforded among the parties currently before the Court and order that certain necessary parties be joined. Until they are, I will hold the Motions in abeyance.

---

[1] Docket Item ("D.I.") 24; D.I. 25; D.I. 27; D.I. 28.

## I.     BACKGROUND

Nominal Defendant Talos Energy, Inc. ("Talos") is an oil and gas company focused on offshore exploration and production in the Gulf of Mexico.[2] Plaintiff Vrajeshkumar Patel is a Talos stockholder.[3] His verified complaint (the "Complaint") challenges a February 2020 transaction (the "Transaction") under which Talos acquired a portfolio of Gulf of Mexico producing assets, prospects, and acreage from affiliates of nonparties Castex Energy 2014, LLC and ILX Holdings, LLC (together, "Sellers").[4] Under the Transaction's final terms, Sellers received $385 million in cash and 110,000 shares of Talos preferred stock, to automatically convert into 11 million shares of common stock twenty days after Talos distributed its definitive information statement to its public stockholders.[5] Defendant Guggenheim Securities, LLC ("Guggenheim") advised Talos on the Transaction.[6]

Plaintiff's challenge to the Transaction centers on Talos' two private equity sponsors, Riverstone Holdings, LLC ("Riverstone Parent") and Apollo Global Management, Inc. ("Apollo Parent," together with Riverstone Parent, the "Parents").

---

[2] D.I. 1 ¶ 11 [hereinafter "Compl."].

[3] *Id.* ¶ 10.

[4] *Id.* ¶¶ 1, 59, 74.

[5] *Id.* ¶ 74.

[6] *Id.* ¶ 34.

Neither Parent owns any Talos stock. Instead, several affiliated funds own the relevant shares. Those funds are parties to a stockholder voting agreement (the "Stockholders' Agreement") and some are identified in the Complaint.[7] Funds affiliated with Riverstone Parent (the "Riverstone Funds") own approximately 27.5% of Talos' stock;[8] funds affiliated with Apollo Parent (the "Apollo Funds," and together with the Riverstone Funds, the "Funds") own approximately 35.4% of Talos' stock.[9] Plaintiff did not name the Funds as defendants in this action.

---

[7] *See* D.I. 27, Ex. 6 [hereinafter "Stockholders' Agr."]; Compl. ¶¶ 20–21.

[8] Compl. ¶¶ 14–15, 62. It is unclear how many Riverstone Funds own Talos stock. The Complaint only mentions one by name, while the Stockholders' Agreement mentions three. *Compare id.* ¶ 21 ("[Riverstone Parent] controls numerous affiliates, including Riverstone Energy Partners V, L.P., a controller of Old Talos. As used in this Complaint, the term '**Riverstone**' refers to Riverstone Holdings, LLC and its affiliates."), *with* Stockholders' Agr. at 1 (referencing "Riverstone Talos Energy Equityco LLC, a Delaware limited liability company, Riverstone Talos Energy Debtco LLC, a Delaware limited liability company (together, the '**Riverstone Feeders**'), Riverstone V FT Corp Holdings, L.P., a Delaware limited partnership (the '**Riverstone Blocker Holding Company**' and, together with the Riverstone Feeders and any other member of the Riverstone Group executing a joinder, the '**Riverstone Parties**')"). Riverstone's brief represents that two Riverstone Funds own the relevant stock. *See* D.I. 28 at 5 n.4 (describing the Riverstone Funds' organizational structure). In any case, it is undisputed that Riverstone's affiliated funds, rather than Riverstone Parent itself, own the relevant stock. As used in this letter, the term "Riverstone Funds" refers to the Riverstone entities that own the relevant Talos stock.

[9] Compl. ¶¶ 14–15, 62. It is similarly unclear how many Apollo Funds own Talos stock. *Compare id.* ¶ 20 ("Apollo controls numerous affiliates, including Apollo Management VII, L.P. and Apollo Commodities Management, L.P., two controllers of Old Talos. As used in this Complaint, the term '**Apollo**' refers to Apollo Global Management, Inc. and its affiliates."), *with* Stockholders' Agr. at 1 (referencing "AP Talos Energy LLC, a Delaware limited liability company, AP Talos Energy Debtco LLC, a Delaware limited liability company (together, the '**Apollo Feeders**'), AP Overseas Talos Holdings

Plaintiff filed his seven-count Complaint on May 29, 2020.[10] Counts II and V allege that the "Controllers," defined as Apollo Parent, Riverstone Parent, the Apollo Funds, and the Riverstone Funds, breached their fiduciary duties.[11] Counts III and VI allege that Guggenheim aided and abetted the Controllers' breaches.[12]

Central to the Complaint is Plaintiff's theory that the Parents and the Funds combined their substantial Talos holdings and formed a control group.[13] Plaintiff alleges that "[a]t all relevant times, Talos has been controlled collectively by Riverstone and Apollo."[14] The Complaint defines "Riverstone" as including both Riverstone Parent and the Riverstone Funds.[15] Similarly, the Complaint defines

---

Partnership, LLC, a Delaware limited liability company, AIF VII (AIV), L.P., a Delaware limited partnership, ANRP DE Holdings, L.P., a Delaware limited partnership (collectively, the '**Apollo Blocker Holding Companies**' and, together with the Apollo Feeders and any other member of the Apollo Group executing a joinder, the '**Apollo Parties**')"). Again, it appears undisputed that Apollo's affiliated funds, rather than Apollo Parent itself, own the relevant stock. As used in this letter, the term "Apollo Funds" refers to the Apollo entities that own the relevant Talos stock. The term "Funds" refers to the relevant Riverstone Funds and Apollo Funds.

[10] *See generally* Compl.

[11] *Id.* ¶¶ 20–22; 169–73; 188–92. Plaintiff also seeks relief related to these counts, in the form of a finding that the Controllers, as defined, breached their fiduciary duties to Talos and its minority stockholders. *Id.* ¶ F.

[12] *Id.* ¶¶ 174–82, 193–201.

[13] *Id.* ¶¶ 2, 22.

[14] *Id.* ¶ 22.

[15] *Id.* ¶ 20 ("[Apollo Parent] controls numerous affiliates, including Apollo Management VII, L.P. and Apollo Commodities Management, L.P., two controllers of Old Talos. As

"Apollo" as including both Apollo Parent and the Apollo Funds.[16]  Based on these defined terms, I understand Plaintiff to argue that the Parents and the Funds formed a control group and therefore owe fiduciary duties to Talos' minority stockholders.[17] Plaintiff argues the control group is empowered in part by the Funds' stock holdings, and that the Parents are connected in a legally significant way.[18]

Because Sellers are affiliated with Riverstone Parent,[19] a member of the alleged control group, Plaintiff alleges that the control group stood on both sides of the Transaction, subjecting it to entire fairness review.[20]  Plaintiff devotes substantial space in his Complaint to the theory that the Transaction was not entirely fair.[21]

Defendants filed the pending Motions on August 4.[22]  The Motions assert that Plaintiff failed to adequately plead the existence of a control group.  Defendants

---

used in this Complaint, the term '**Apollo**' refers to Apollo Global Management, Inc. and its affiliates.").

[16] *Id.* ¶ 21 ("[Riverstone Parent] controls numerous affiliates, including Riverstone Energy Partners V, L.P., a controller of Old Talos.  As used in this Complaint, the term '**Riverstone**' refers to Riverstone Holdings, LLC and its affiliates.").

[17] *See id.* ¶¶ 170, 189.

[18] *See* D.I. 48 at 20 (citing *Dubroff v. Wren Hldgs., LLC*, 2009 WL 1478697, at *3 (Del. Ch. May 22, 2009)).  This letter does not address whether those ties are sufficiently pled.

[19] Compl. ¶ 59.

[20] *Id.* ¶ 80.

[21] *See id.* ¶¶ 81–148.

[22] *See* D.I. 24; D.I. 25; D.I. 27; D.I. 28.

argue, among other things, that because Plaintiff named the nonstockholder Parents instead of the stockholder Funds as defendants in the Complaint, he sued the wrong entities, and his Complaint must be dismissed.[23]

The parties briefed the Motions and presented oral argument on February 19, 2021.[24] As explained in more detail below, I conclude that the Parents may properly be before the Court, but Plaintiff's control group is missing the Funds as necessary parties. Before the Court can consider the Motions' merits, all the alleged control group's members must be present to defend their interests.

## II. ANALYSIS

The joinder of all necessary parties is an important gatekeeping mechanism in any litigation. As Vice Chancellor Slights described:

> As master of his complaint, a plaintiff decides, among other things, who to sue, who not to sue, where to sue and what claims to bring. When a plaintiff elects not to sue a party who, "in equity and good conscience," is deemed "indispensable" to the resolution of the pled claims, courts of equity have long understood that the plaintiff's election not to sue that party cannot be countenanced and must be remedied.[25]

Rule 19(a) provides:

---

[23] *See* D.I. 28 at 14–16; D.I. 26 at 20–22.

[24] *See* D.I. 73; *see also* D.I. 76.

[25] *Germaninvestments AG v. Allomet Corp.*, 2020 WL 6870459, at *1 (Del. Ch. Nov. 20, 2020) (footnotes omitted) (citing Ct. Ch. R. 19).

> **Persons to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.[26]

If such a necessary person has not been joined, "the Court ***shall*** order that the person be made a party."[27] The Court may do so upon a motion[28] or *sua sponte*.[29] If joinder is not feasible, the Court must determine whether the person is indispensable such that the case cannot go on without her.[30]

The Complaint and the Motions pose the question of whether the nonparty Funds are members of a control group. Any decision favoring Plaintiff on Counts II and V would include a determination that the Funds were in a control group and owed fiduciary duties to Talos' minority stockholders. The Funds therefore have

---

[26] Ct. Ch. R. 19(a).

[27] *Id.* (emphasis added).

[28] *See* Ct. Ch. R. 12(b)(7).

[29] *E.g.*, *Tikiob v. Tikiob-Carlson*, 2020 WL 4036789, at *4 (Del. Ch. July 16, 2020), *report adopted by* 2020 WL 4474951 (Del. Ch. Aug. 3, 2020); *E.I. Dupont De Nemours & Co v. Shell Oil Co.*, 1983 WL 8942, at *1 (Del. Ch. Dec. 13, 1983).

[30] *See* Ct. Ch. R. 19(b).

"an interest relating to the subject of the action,"[31] namely, preserving their status as nonfiduciaries. Allowing the litigation to commence in their absence would "impair or impede [the Funds'] ability to protect that interest."[32] Complete relief also could not be afforded without the Funds' presence, as a judgment against "Riverstone" or "Apollo," as defined in the Complaint, would also be against the relevant Funds.[33]

Defendants argue this deficiency means the Complaint must be dismissed. According to Defendants, the Parents are the wrong parties and should be dismissed altogether.[34] Defendants' position mischaracterizes Plaintiff's theory. Plaintiff does not argue that the Parents alone formed a control group. Rather, the alleged control group includes both the Parents, which do not own Talos stock, and the relevant

---

[31] *Id.* 19(a)(2).

[32] *Id.* 19(a)(2)(i).

[33] *See id.* 19(a)(1); Compl. ¶ 20–21. The Funds are legally distinct entities from their corporate parents and Plaintiff has not advanced any argument to pierce the corporate veil or otherwise ignore corporate separateness.

[34] *See* D.I. 28 at 14 ("Plaintiff has incorrectly named Riverstone as a defendant in this action. . . . [T]he Riverstone Funds—and not Riverstone [Parent]—owned Talos stock at the time of the challenged transaction."); D.I. 26 at 20 ("[T]his Complaint should also be dismissed as to Apollo because Plaintiff sued the incorrect Apollo entity, namely [Apollo Parent]. In short, Plaintiff cannot make claims against [Apollo Parent]. [Apollo Parent] has affiliates that manage the Apollo-related funds that invested in Talos. Given the relationship of [Apollo Parent] and the relevant funds there is simply no legitimate basis for the Plaintiff to include [Apollo Parent] as a party here.").

Funds, which do.[35]  Delaware law may countenance including the Parents in a control group, even though they do not own stock.[36]  In *In re EZCORP Inc. Consulting Agreement Derivative Litigation*, the Court extended fiduciary duties to an individual defendant that was the company's "ultimate controller," even though he exercised control indirectly and did not himself own stock.[37]  *EZCORP* also held that downstream entities through which the "ultimate human controller" owned the relevant stock "likewise are appropriate defendants for a breach of fiduciary duty claim" under a controlling stockholder theory.[38]

Here, Plaintiff appears to advance a parallel theory, albeit through murky defined terms, that Riverstone Parent, Apollo Parent, the Riverstone Funds, and the Apollo Funds formed a control group.  All these entities may be proper defendants to such a claim; whether Plaintiff can plead and prevail on his theory remains to be seen.  I note that the Parents have an incentive to argue—and have argued—that the

---

[35] *See* Compl. ¶¶ 20–22.

[36] *See In re Pattern Energy Gp. Inc. S'holders. Litig.*, 2021 WL 1812674, at *39 (Del. Ch. May 6, 2021).

[37] 2016 WL 301245, at *8–10 (Del. Ch. Jan. 25, 2016) (citing *S. Pac. Co. v. Bogert*, 250 U.S. 483, 491–92 (1919), also citing *Eshleman v. Keenan*, 187 A. 25 (Del. Ch. 1936) (Wolcott, C.), *aff'd*, 2 A.2d 904 (Del. 1938), also citing *Sterling v. Mayflower Hotel Corp.*, 93 A.2d 107, 109–10 (Del. 1952)); *see also Pattern Energy*, 2021 WL 1812674, at *38–41.

[38] *EZCORP*, 2016 WL 301245, at *10.

entities did not form a control group. "While the named Defendants are incented to raise defenses, that does not mean the absent parties, whose rights would be directly affected, do not have a right to be heard."[39] In view of the Funds' obvious interest in adjudicating whether they owe fiduciary duties to Talos' minority stockholders, they are plainly necessary parties and ought to be joined as defendants.

Rule 19 requires joinder of a necessary party if such joinder is feasible.[40] No party has argued that joining the Funds is not feasible for jurisdictional or other reasons. To the contrary, Plaintiff offered to amend the Complaint to add the Funds as defendants.[41] I take this as a representation that joining the necessary Funds would be feasible under Rule 19(a). Moreover, it appears that the Funds listed in the shareholders' agreement are Delaware entities.[42] Because they are subject to service of process, I conclude that joining the Funds that own the relevant Talos stock is feasible and thus, they must be joined under Rule 19(a).[43] To the extent

---

[39] *Germaninvestments*, 2020 WL 6870459, at *9.

[40] *See* Ct. Ch. R. 19(a); *Germaninvestments*, 2020 WL 6870459, at *6 ("If a party should be joined under Rule 19(a), the Court's next inquiry is whether joinder is feasible. If it is, then the Court will direct that joinder occur.").

[41] *See* D.I. 48 at 51–52. Defendants did not respond to Plaintiff's proposed amendment in their reply briefs. *See generally* D.I. 55; D.I. 53.

[42] *See* Stockholders' Agr. at 1.

[43] *See* Ct. Ch. R. 19(a).

joining the necessary Funds is not feasible, the parties should advise the Court within five business days of this letter.

### III.   CONCLUSION

The Riverstone Funds and Apollo Funds that hold the relevant Talos stock are necessary parties to this action.  Until they are joined, the Motions are held in abeyance.  The parties shall confer on a stipulated order identifying and joining the necessary Funds and updating the case caption.  If the Funds wish to join the Motions and present additional argument, the parties shall confer on a schedule by which those positions, and any response by Plaintiff, may be concisely presented to the Court.  Once the Funds are joined and their positions, if any, are presented, the Court will take the Motions under advisement.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*